UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMOD RASHAD JONES,                              07-10751

        Petitioner,                              District Judge Paul D. Borman

v.                                               Magistrate Judge R. Steven Whalen

DOUG VASBINDER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Ahmod R. Jones, a prison inmate in the custody of the Michigan Department of Corrections, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The case has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the petition for writ of habeas corpus be DENIED.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Pursuant to plea bargains, Petitioner pled in two cases in the Genesee County Circuit Court, the Honorable Geoffrey L. Neithercut, presiding. In case no. 00-6765, he was charged with armed robbery, and pled no contest to the reduced charge of assault with a dangerous weapon. In case no. 00-6983, Petitioner was charged with assault with intent to murder, carrying a concealed weapon, possession of a firearm during the commission of a felony (felony-firearm), and being a felon in possession of a firearm. Pursuant to a plea bargain, he pled guilty to assault with intent to murder and felony-firearm, and the other two charges were dismissed. The prosecution also agreed not to seek sentence enhancement as an habitual offender.

On January 23, 2001, Petitioner was sentenced to one to four years imprisonment on the assault with a dangerous weapon, 19 years, 4 months to 40 years on the assault with intent to murder, and two years consecutive on the felony-firearm.

On January 18, 2002, Petitioner filed a motion to withdraw his pleas and for an evidentiary hearing. *See* Genesee County Docket Sheet.  On March 28, 2006, Judge Neithercut denied the motion in a written opinion.[1] Petitioner argued that his attorney had promised him that his sentence would not be more than 13 years.

Petitioner then filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising the following issue:

> THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW PLEA AND FOR AN EVIDENTIARY HEARING ON THE BASIS THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE REGARDING THE LENGTH OF DEFENDANT'S SENTENCE.

On June 13, 2006, the Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."

The Petitioner then filed a *pro se* application for leave to appeal to the Michigan Supreme Court, raising the following two issues:

I. THE TRIAL COURT AND COURT OF APPEALS ERRED BY NOT GRANTING THE DEFENDANT AN EVIDENTIARY HEARING ON THE BASIS THAT TRIAL COUNSEL WAS INEFFECTIVE REGARDING THE LENGTH OF DEFENDANT'S SENTENCE.

II. WAS THE DEFENDANT DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCE AND ON APPEAL WHEN COUNSEL FAILED TO OBJECT TO THE ERRONEOUS SCORING OF PRV7 AND FAILING TO RAISE THIS CLAIM ON DEFENDANT['S] APPEAL BY LEAVE

The Petitioner also filed a motion to add Issue II to his Supreme Court appeal,

---

[1] The record contains no explanation for the more than four-year delay between the filing of the motion to withdraw the pleas and the judge's decision.

arguing that appellate counsel was ineffective for not including it in his appeal by leave to the Court of Appeals.

On October 31, 2006, the Supreme Court denied leave to appeal.

In the present habeas petition, Petitioner raises the following grounds:

I. PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE PLEA TAKING AND SENTENCING PROCEEDINGS.

II. INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING BASED ON COUNSEL'S FAILURE TO OBJECT TO INACCURATE GUIDELINE SCORING AND APPELLATE COUNSEL'S FAILURE TO RAISE THE ISSUE ON APPEAL.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state court decisions.  Specifically, 28 U.S.C. §2254(d) provides:

> "(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of that claim - -
>
> a. resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> b. resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In *Williams* v *Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court held that in order to justify a grant of habeas corpus relief under the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court

decision. *Williams*, 529 U.S. at 412. Under subsection (d), habeas relief may not be granted unless (1) the state court decision was contrary to established federal law, or (2) the state court decision involved an unreasonable application of clearly established federal law. *Williams* held that a state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this court has on a set of materially indistinguishable facts." *Id* at 413. *Williams* further held that a state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this court's decisions but unreasonably applies that principle to the facts of a prisoner's case." *Id*.

On habeas review, this Court must give deference to the state court's factual conclusions unless they are based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Furthermore, § 2254(e)(1) establishes a presumption of the correctness of state court factual determinations. "This presumption of correctness also applies to the factual findings of a state appellate court based on the state trial record." *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denied* 527 U.S. 1040 (1999).

### III.   ANALYSIS

#### A.

Petitioner argued in the trial court, and argues here, that he was denied his Sixth Amendment right to the effective assistance of counsel because his lawyer told him that if he pled, his sentence would not exceed 13 years.

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Where ineffective assistance is alleged in the context of a guilty plea, it must be shown that counsel's performance was deficient and that the deficient performance caused the defendant to reach a different decision regarding the plea. *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy the "prejudice" prong of *Strickland*, the defendant must show that, but for counsel's errors, he or she would not have pled guilty, but would have insisted on going to trial. *Hill*, 474 U.S. at 58-59; *Warner* v. *United States*, 975 F.2d 1207, 1214 (6th Cir. 1992)(prejudice shown if defendant shows a reasonable probability that but for counsel's defective advice, he would not have pled guilty).

Further, in *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court held that "[t]he standard was and remains whether the

plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

In this case, the Michigan Court of Appeals and Supreme Court denied leave to appeal in one-sentence form orders. Therefore, this Court must review the trial court's decision denying Petitioner's motion to withdraw his pleas, as "the last state court to issue a reasoned opinion on the issue." *Payne v. Bell,* 418 F.3d 644, 660 (6th Cir.2005), *cert. denied,* 548 U.S. 908, 126 S.Ct. 2931, 165 L.Ed.2d 958 (2006). In that opinion, Judge Neithercut denied an evidentiary hearing and denied the motion based on his clear reading of the facts set forth at the Petitioner's plea proceeding. The judge stated:

> "In reviewing the transcript of [Petitioner's] plea hearing, this Court sees no basis for an evidentiary hearing. At the plea hearing this Court asked the [Petitioner] if there were any side deals, promises, or 'some kind of inducement' that was not talked on the record that got him to plead guilty. To which [Petitioner] replied, 'No.'
>
> "The Court then asked the [Petitioner] if whether there was 'something going on in the back room' that the court needed to hear about. To which the [Petitioner] replied, 'No.'
>
> "The Court then explained that it was asking such questions because he could file an appeal later on and argue that the deal was not properly announced. The Court asked again, 'So you better tell me right now if there's something else going on causing you to plead today.' To which [Petitioner] replied, 'No, sir.'
>
> "This Court then asked [Petitioner's] prior attorney if there were any such deal not announced on the record, to which she replied, 'There are none, your Honor.'
>
> "This Court additionally notes that it fully informed the [Petitioner] that he could receive up to life in prison for the assault with intent to murder charge. the Court then asked the [Petitioner] if he understood his sentence possibilities, to which [Petitioner] replied, 'Yes, sir.'" *Opinion*, pp. 1-2

Having determined those facts, the judge ruled as follows:

> "This Court determines that [Petitioner's] plea was clearly made voluntarily and knowingly as he admitted that there was no deal other than what was stated on the record, and furthermore, that he fully understood the possible

-6-

length of his sentence if he took the deal." *Id.*, p. 2.

A review of the plea transcript substantiates each of Judge Neithercut's findings. *See* Tr. 12-1-00, 19-21, 32-34. In addition, a defendant Calhoun, whose plea was taken at the same time as Petitioner's, clearly discussed the details of a specific *Cobbs*[2] sentencing agreement that limited the length of his sentence. *Id.*, pp. 16-17, 22. This discussion, along with the judge's very probing inquiry as to whether any other promises or "back room" deals were made, would have put the Petitioner on notice that if his attorney promised a sentence cap of 13 years, that needed to be expressed on the record.

By his lengthy citation of the record, including the Petitioner's own statements at the plea proceeding, the trial judge rejected the factual underpinning of the Petitioner's motion–that his attorney told him that his sentence would not exceed 13 years. The judge's factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). As the court stated in *Myers v. Straub*, 159 F.Supp.2d 621, 626 (E.D.Mich. 2001)(Steeh, J.):

> "When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir.1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *Heiser v. Ryan,* 813 F.Supp. 388, 398 (W.D.Pa.1993)."

Petitioner has not met his heavy burden of rebutting the presumption of correctness with clear and convincing evidence. Petitioner has not met the first prong of *Strickland*,

---

[2] *People v. Cobbs*, 443 Mich. 276, 508 N.W.2d 208 (1993). A *Cobbs* plea permits the judge to offer an initial sentence evaluation of the case. If, after review of the presentence report, the judge decides that the sentence should be higher, the defendant is permitted to withdraw his plea.

-7-

because he has not shown that his attorney's advise to him was in any way deficient. Nor has he met the second prong–prejudice–because the trial judge unambiguously informed him of the consequences of his plea. The record shows that Petitioner's plea was a "voluntary and intelligent choice among the alternative courses of action" open to him. *North Carolina v. Alford, supra*. The record also shows that Petitioner had "sufficient awareness of the relevant circumstances and likely consequences" of his plea. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The petition for writ of habeas corpus on this ground must be denied.

**B.**

Petitioner also claims that his trial attorney was constitutionally ineffective for failing to object to allegedly inaccurate scoring of the sentencing guidelines, and that his appellate attorney was ineffective for not raising this issue in his delayed application for leave to appeal to the Michigan Court of Appeals.

This issue has not been exhausted in the state system. A prisoner is required to exhaust his or her available state remedies before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" the substance of each federal constitutional claim in state court. *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Here, the Petitioner raised this issue for the first time in the Michigan Supreme Court. He did not raise it in his post-sentencing trial court motion or in his application for leave to appeal to the Supreme Court. Nor has he filed a trial court motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, a procedure that is arguably still open to him.

Ordinarily, a district court will dismiss without prejudice a habeas petition

containing unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, under 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." In the present case, this issue should be rejected for lack of merit.

First, to the extent that Petitioner alleges miscalculation of his sentencing guidelines as a violation in itself, this is an issue of state, not federal law. It is well-settled that errors of state law are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("federal courts can not review a state's alleged failure to adhere to its own sentencing procedures").

Secondly, in terms of the counsel ineffectiveness issue, Petitioner must show, under the first prong of *Strickland*, that his trial lawyer's failure to object to the alleged error in calculating his sentencing guidelines was objectively unreasonable. Petitioner objects that Prior Record Variable (PRV) 7 of the Michigan Sentencing Guidelines–which adds 10 points for "1 subsequent or concurrent felony conviction"–was incorrectly added to his score for each of the two files, that is, the assault with intent to murder in case no. 00-6983 and the assault with a dangerous weapon in case no. 00-6765. He contends that he should have received 10 points in only the assault with a dangerous weapon case.

The scoring of PRV 7 with regard to the assault with intent to murder charge (no. 00-6983) was addressed by the trial judge at sentencing:

> MR. BLANCHARD (the prosecutor): P-R-V-7, he does have one
> concurrent conviction, the assault with a dangerous weapon. so that should
> be ten points on P-R-V-7. So that makes the P-R-V total twenty-seven.

> THE COURT: Any argument so far?
>
> MS. BUNKER (defense counsel): No, your Honor. (Tr. 1-23-01, 5).

The judge and the parties then discussed PRV 7 in relation to the assault with a dangerous weapon charge (no. 00-6765):

> MR. BLANCHARD: the other file, the only change I would recommend is P-R-V-7 would go to ten, which would make the P-R-V level D. *This is concurrent time, so it really doesn't affect much.* Instead of being zero to seventeen then, at D-2 would be ten to twenty-three.
>
> MS. BUNKER: And again, your Honor, for the record, the prosecutor and I have gone over these guidelines, and we're in agreement.
>
> THE COURT: I've made the corrections. *Id.*, 7.

M.C.L. § 777.57 directs that PRV 7 be scored at 10 points if "[t]he offender has 1 subsequent or concurrent conviction." The judge discussed the matter with counsel, and applied PRV 7 pursuant to his understanding of state law, i.e., that Petitioner had one concurrent conviction in each case. Petitioner has provided no authority to support his claim that PRV 7 was erroneously applied where he was being sentenced for two concurrent convictions, notwithstanding that the two offenses did not arise out of the same transaction. Nor does this Court have the ability in a habeas case to even review a state court judge's application of state sentencing law. *Estelle v. McGuire, supra*. Counsel was therefore not unreasonable in failing to object to the guidelines scoring.

Moreover, Petitioner does not meet the second prong of *Strickland* because he cannot show prejudice. As the prosecutor noted at sentencing, the two convictions ran concurrently. Thus, once the judge properly assessed 10 points for PRV 7 on the assault with intent to murder charge, it made no difference in the total, net sentence whether he then added 10 points to the assault with a dangerous weapon charge, which carried a much lower sentence.

Likewise, because the sentencing issue is without merit, appellate counsel cannot be deemed ineffective for failing to raise it. "[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).

## IV.   CONCLUSION

I recommend that the Petition for Writ of Habeas Corpus be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained

within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated:  March 10, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 10, 2009.

                                              s/Susan Jefferson
                                              Case Manager